IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRIMAINE ANDERSON,

    Petitioner,                     No. 2:10-cv-0419 MCE KJN P

    vs.

GARY SWARTHOUT, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims that his federal constitutional right to due process was violated by a 2009 decision of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date.

        The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 459-60 (1989).

        A protected liberty interest may arise from either the Due Process Clause of the

1  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
2  expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209,
3  221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create
4  a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454
5  U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no
6  constitutional or inherent right of a convicted person to be conditionally released before the
7  expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory
8  language, 'creates a presumption that parole release will be granted' when or unless certain
9  designated findings are made, and thereby gives rise to a constitutional liberty interest."
10 Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a
11 state's use of mandatory language ("shall") creates a presumption that parole release will be
12 granted when the designated findings are made.).

13        California's parole statutes give rise to a liberty interest in parole protected by the
14 federal due process clause. Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL
15 197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless
16 there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181,
17 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).  However, in
18 Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports
19 converting California's 'some evidence' rule into a substantive federal requirement." Swarthout,
20 2011 WL 197627, at *3.  In other words, the Court specifically rejected the notion that there can
21 be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a
22 parole proceeding. Id. at *3. Rather, the protection afforded by the federal due process clause to
23 California parole decisions consists solely of the "minimal" procedural requirements set forth in
24 Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why
25 parole was denied." Swarthout, at *2-3.

26        Here, the record reflects that petitioner was present at the 2009 parole hearing,

2

1  that he participated in the hearing, and that he was provided with the reasons for the Board's
2  decision to deny parole. (Dkt. No. 12-2 at 2-88; 12-3 at 1-51.) According to the United States
3  Supreme Court, the federal due process clause requires no more. Accordingly, petitioner's
4  application for a writ of habeas corpus should be denied.
5         IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas
6  corpus be denied.
7         These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
9  one days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties. Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files
12 objections, he shall also address whether a certificate of appealability should issue and, if so, why
13 and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if
14 the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.
15 § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after
16 service of the objections. The parties are advised that failure to file objections within the
17 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
18 F.2d 1153 (9th Cir. 1991).
19 DATED: January 31, 2011

                                                    _____
                                                    KENDALL J. NEWMAN
                                                    UNITED STATES MAGISTRATE JUDGE

23 ande0419.157

3